KATHERINE McCULLOUGH

*v.*

ROSE WARD et al.

[Submitted October 19th, 1909. Decided November 11th, 1909.]

1. For misjoinder of parties defendant those only can demur who are improperly joined.

2. Where the demurrer raises the objection that the bill discloses that the real estate sought to be partitioned is in the possession of the demurrant under a claim of title adverse to the title asserted by the complainant, the demurrer will be allowed.

On several demurrers of Lauretta Plunkett and Michael Reilly to bill for partition.

*Mr. Winfield S. Angleman,* for the demurrants.

*Mr. Arthur H. Bissell,* for the complainant.

LEAMING, V. C.

1. The bill having been amended by the elimination of the clause relating to unknown descendants of deceased brothers and sisters of Jane Reilly, the demurrer of Lauretta Plunkett presents the single objection that tenants by the curtesy initiate are not proper parties defendant to a bill for partition of real estate.

It is unnecessary to give consideration to the merits of the objection here urged. For a misjoinder of parties as defendants, those can only demur who are improperly joined. *Story Eq. Pl.* § *544; Miller* v. *Jamison, 24 N. J. Eq. (9 C. E. Gr.) 41, 44; Herman & Grace* v. *Freeholders, 64 Atl. Rep. 742, 746.* I am not able to reach the conclusion that a different rule should obtain in a suit for partition of real estate. It is of interest to a co-tenant that no unnecessary cost be made a charge against the

land sought to be partitioned, but that interest can be appropriately protected at such time as complainant may seek to make the costs a charge. The demurrer of Lauretta Plunkett must be overruled.

2. The demurrer of Michael Reilly raises the additional objection that the bill discloses that the real estate sought to be partitioned is in the possession of demurrant under a claim of title adverse to the title asserted by complainant.

The title which complainant asserts in behalf of herself and her co-tenants is a title by descent from Jane Reilly, deceased. The averments of the bill touching demurrant Michael Reilly are as follows:

"And your oratrix further shows that Michael Reilly, who was the husband of the said Jane Reilly, deceased, is now living; that he was appointed administrator of the estate of said Jane Reilly, deceased, and is in possession of the said premises, and has let a part thereof to one Mr. Rees, and another part thereof to one A. Werner, and another part thereof to a Mrs. Lewby, and another part thereof to a Mrs. Fisher, as your orator is informed and believes, and collects and retains from said Mr. Rees, A. Werner, Mrs. Lewby and Mrs. Fisher, the rents thereof, notwithstanding the fact that as there were no issue of the marriage of the said Jane Reilly and Michael Reilly, the said Michael Reilly is not entitled to any right of curtesy in the said premises, and that his possession thereof and his appropriation of the rents, issues and profits arising therefrom, whether as administrator as aforesaid, or individually, are without right and contrary to the rights and interest of your oratrix and the other heirs of the said Jane Reilly, deceased."

These averments of the bill disclose the fact that the premises sought to be partitioned are in the possession of demurrant as a stranger to the title under which complainant and her co-tenants claim, and that demurrant is exercising the right to execute leases of parts of the premises and is appropriating the rents, issues and profits of the land. From these averments, taken in connection with other averments of the bill which specify the several co-tenants and their respective shares, it must be here assumed as a fact that demurrant Reilly is not an owner of any interest in the land in question which is derivative of the common source of title under which complainant and her co-tenants claim, and that demurrant now holds possession of the lands

adversely to the rights asserted by the bill in behalf of complainant and her co-tenants.

It is entirely clear that under these averments demurrant Reilly cannot be brought into this court as a defendant in a suit for partition of the lands in question. Demurrant is made defendant solely because he is in possession of the premises adversely to the claim of right asserted in behalf of the co-tenants, and this court is, in effect, asked to retain him as defendant to the end that his wrongful possession may be adjudicated and the possession be restored to the legal title. That remedy is found in an action of ejectment. Demurrant is entitled to be dismissed.

I have not found it necessary to consider whether this court can properly entertain a bill for partition which on its face discloses that the premises are in the adverse possession of a stranger to the title under which the several co-tenants claim. Demurrant Reilly is not a proper party defendant and can have no interest in that question, as no rights of his can be affected by the subsequent proceedings in the suit.